UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

   - v -

YAROSLAV DONCHENKO,

              Defendant.

- - - - - - - - - - - - - - - - - - x

INFORMATION

08 Cr. ___ (DAB)

08 CRIM 718

COUNT ONE

(Conspiracy)

The United States Attorney charges:

Background

1. At certain times relevant to this Indictment, YAROSLAV DONCHENKO, the defendant, resided in or frequented locations in Poughkeepsie, New York.

2. At certain times relevant to this Indictment, certain co-conspirators not named as defendants herein, resided in Russia.

The Scheme

3. From approximately in or about March 2006 through in or about September 2006, YAROSLAV DONCHENKO, the defendant, and others known and unknown, participated in a scheme to steal funds from bank and brokerage accounts by hacking into those accounts through the internet, using personal financial information obtained through computer viruses, and then laundering the stolen proceeds.

## The Conspiracy

4. From in or about March 2006 through September 2006, in the Southern District of New York and elsewhere, YAROSLAV DONCHENKO, the defendant, and others known and unknown, unlawfully, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit offenses against the United States, to wit, violations of Title 18, United States Code, Sections 1343, 1030(a)(5)(A)(i), and 1030(a)(2)(C) and (c)(B)(i).

## The Objects of the Conspiracy

5. It was a part and an object of the conspiracy that YAROSLAV DONCHENKO, the defendant, and others known and unknown, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, unlawfully, willfully and knowingly, would and did transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, a writing, sign, signal, picture and sound for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

6. It was further a part and an object of the conspiracy that YAROSLAV DONCHENKO, the defendant, and others known and unknown, unlawfully, willfully and knowingly would and

did cause the transmission of a program, information, code, or command, and as a result of such conduct would and did intentionally cause damage without authorization, to a protected computer, causing loss to one and more persons during a one-year period aggregating at least $5,000 in value, in violation of Title 18, United States Code, Sections 1030(a)(5)(A)(i) and 1030(a)(5)(B)(i).

    7.   It was further a part and an object of the conspiracy that YAROSLAV DONCHENKO, the defendant, and others known and unknown, unlawfully, intentionally, and knowingly, acting in interstate and foreign commerce, would and did access a computer without authorization and thereby obtain information from a protected computer for the purposes of commercial advantage or private financial gain, in violation of Title 18, United States Code, Sections 1030(a)(2)(C) and 1030(c)(2)(B)(i).

<u>The Means and Methods of the Conspiracy</u>

    8.   Among the means and methods by which YAROSLAV DONCHENKO, the defendant, along with others known and unknown, would and did carry out the conspiracy were the following:

    a.   At least one of DONCHENKO's co-conspirators in Russia ("CC-1") used concealed computer codes known as "Trojan Horses" or "Trojans" to hack into the personal computers of multiple victims in the United States. These Trojan Horses were designed to steal personal account information from individual

victims as they accessed their bank and brokerage accounts through the internet.

      b.    After the Trojan Horses captured the victims' personal account information, DONCHENKO's other co-conspirators used the information to access victims' bank and brokerage accounts, and thereafter made unauthorized sales of securities, and unauthorized wire transfers out of these accounts.

      c.    DONCHENKO, along with co-conspirators known and unknown residing in the United States, set up various "drop" accounts to receive the funds stolen from their victims' bank and brokerage accounts.

      d.    DONCHENKO, along with co-conspirators known and unknown, sent a portion of the stolen funds from the various "drop" accounts to co-conspirators known and unknown in Russia, through money remitting services, keeping a portion of the fraud proceeds for themselves.

<u>Overt Acts</u>

    9.    In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

      a.    On or about July 7, 2006, CC-1 accessed a bank account at Guaranteed Bank and Trust, in Denver, Colorado, without authorization, and wired approximately $20,000 out of

that account to a bank account held by YAROSLAV DONCHENKO, the defendant, at Bank of New York (the "Bank of New York account"), in Poughkeepsie, New York.

  b. On or about July 10, 2006, DONCHENKO wrote a check from the Bank of New York account, made out to "cash" in the amount of $15,000, and cashed that check at a Bank of America in Poughkeepsie, New York.

  c. On or about July 10, 2006, DONCHENKO sent approximately $3,000 to CC-1, in Russia, by Western Union.

  (Title 18, United States Code, Section 371.)

## COUNT TWO

The United States Attorney further charges:

10. The allegations in paragraphs 1-3, 8, and 9 are repeated, re-alleged and reincorporated as if set forth fully herein.

11. From in or about March 2006 through in or about September 2006, in the Southern District of New York and elsewhere, YAROSLAV DONCHENKO, the defendant, along with others known and unknown, unlawfully, willfully and knowingly did combine, conspire, confederate and agree together and with each other to violate Sections 1956(a)(1)(B)(i), 1956(a)(2)(B)(i) and 1957 of Title 18, United States Code.

12. It was a part and an object of the conspiracy that

YAROSLAV DONCHENKO, the defendant, along with others known and unknown, in an offense involving and affecting interstate and foreign commerce, knowing that the property involved in a financial transaction represented the proceeds of some form of unlawful activity, would and did conduct and attempt to conduct such a financial transaction which in fact involved the proceeds of specified unlawful activity, to wit, wire fraud, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of specified unlawful activity, in violation of Section 1956(a)(1)(B)(i) of Title 18, United States Code.

      13.  It was further a part and an object of the conspiracy that YAROSLAV DONCHENKO, the defendant, along with others known and unknown, in an offense involving and affecting interstate and foreign commerce, would and did transport, transmit, and transfer, and attempt to transport, transmit, and transfer, a monetary instrument and funds, from a place in the United States to and through a place outside the United States, knowing that the monetary instrument and funds involved in the transportation, transmission, and transfer represent the proceeds of some form of unlawful activity, to wit, wire fraud, and knowing that such transportation, transmission, and transfer was designed in whole or in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of

specified unlawful activity, in violation of Section 1956(a)(2)(B)(i) of Title 18, United States Code.

       13.  It was further a part and an object of the conspiracy that YAROSLAV DONCHENKO, the defendant, along with others known and unknown, would and did knowingly engage and attempt to engage in a monetary transaction in criminally derived property of a value greater than $10,000 and that was derived from specified unlawful activity, to wit, wire fraud, in violation of Title 18, United States Code, Section 1957(a).

<u>Overt Acts</u>

       14.  In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

       a.  On or about July 7, 2006, YAROSLAV DONCHENKO, the defendant, received in his bank account at Bank of New York, in Poughkeepsie, New York, an unauthorized wire transfer of approximately $20,000 from a bank account at Guaranteed Bank and Trust, in Denver, Colorado.

       b.  On or about July 10, 2006, DONCHENKO wrote a check to "cash" from his Bank of New York account, for approximately $15,000, and cashed that check at Bank of America, in Poughkeepsie, New York.

       c.  On or about July 10, 2006, DONCHENKO sent

approximately $3,000 to CC-1, in Russia, by Western Union.

        d.  On or about June 8, 2006, DONCHENKO sent approximately $4,000 in fraud proceeds, to CC-1 in Russia, by Western Union.

        e.  On or about June 8, 2006, DONCHENKO sent approximately $4,400 in fraud proceeds to an unknown co-conspirator in Russia, by Western Union.

(Title 18, United States Code, Section 1956(h).)

COUNT THREE
(Wire Fraud)

The United States Attorney further charges:

15.  The allegations in paragraphs 1-3, 8, 9 and 14 are repeated, re-alleged and reincorporated as if set forth fully herein.

16.  From in or about March 2006 through in or about September 2006, in the Southern District of New York and elsewhere, YAROSLAV DONCHENKO, the defendant, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, unlawfully, willfully and knowingly did transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs and signals for the purpose of executing such scheme and artifice, in a manner affecting a financial

institution, to wit, on or about July 10, 2006, DONCHENKO, while in Poughkeepsie, New York, sent approximately $3,000 stolen from a bank account at Guaranteed Bank and Trust in Denver, Colorado, to CC-1, in Russia, by Western Union.

(Title 18, United States Code, Section 1343.)

## COUNT FOUR

(Money Laundering)

The United States Attorney further charges:

17.  The allegations in paragraphs 1-3, 8, 9 and 14 are repeated, re-alleged and reincorporated as if set forth fully herein.

18.  On or about July 10, 2006, in the Southern District of New York and elsewhere, YAROSLAV DONCHENKO, the defendant, unlawfully, willfully and knowingly did engage and attempt to engage in a monetary transaction in criminally derived property of a value greater than $10,000 and that was derived from specified unlawful activity, namely, wire fraud, in violation of Title 18, United States Code, Section 1343, and fraud in connection with computers, in violation of Title 18, United States Code, Sections 1030(a)(5)(A)(i) and 1030(a)(2)(c), to wit, DONCHENKO cashed a check in the amount of $15,000, which was drawn on a bank account containing approximately $20,000 of funds stolen from a bank account at Guaranteed Bank and Trust in Denver, Colorado, and then sent approximately $3,000 of those

funds to CC-1, in Russia.

(Title 18, United States Code, Sections 1957 and 2.)

## FIRST FORFEITURE ALLEGATION

19. As a result of committing the offenses alleged in Counts One and Three of this Indictment, defendant YAROSLAV DONCHENKO shall forfeit to the United States pursuant to 18 U.S.C. § 982, any property constituting or derived from proceeds obtained directly or indirectly as a result of the wire fraud, fraud in connection with computers, and conspiracy offenses, including but not limited to the following:

a. At least $330,000 in United States currency, in that such sum in aggregate is property representing the amount of proceeds obtained as a result of the fraud offenses.

### Substitute Asset Provision

20. If any of the above-described forfeitable property, as a result of any act or omission of the defendant(s):

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which

cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 982(b), to seek forfeiture of any other property of said defendant(s) up to the value of the above forfeitable property.

(Title 18, United States Code, Section 982 and Title 18, United States Code, Sections 1343, 1030(a)(5)(A)(i), and 1030(a)(2)(c)).

## SECOND FORFEITURE ALLEGATION

21. As the result of committing one or more of the money laundering offenses in violation of 18 U.S.C. § 1956 and 1957, alleged in Counts Two and Four of this Indictment, defendant YAROSLAV DONCHENKO shall forfeit to the United States pursuant to 18 U.S.C. § 982, all property, real and personal, involved in the money laundering offense(s) and all property traceable to such property, including but not limited to the following:

      a.    At least $330,000 in United States currency, in that such sum in aggregate is property which was involved in the money laundering offenses or is traceable to such property.

### Substitute Asset Provision

22. If any of the above-described forfeitable property, as a result of any act or omission of the defendant(s):

      (1) cannot be located upon the exercise of due diligence;

      (2) has been transferred or sold to, or deposited with,

11

a third person;

      (3) has been placed beyond the jurisdiction of the Court;

      (4) has been substantially diminished in value; or

      (5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 982(b), to seek forfeiture of any other property of said defendant(s) up to the value of the above forfeitable property.

(Title 18, United States Code, Section 982 and Title 18, United States Code, Sections 1956 and 1957)

*[signature]*
MICHAEL J. GARCIA *MAA*
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

YAROSLAV DONCHENKO,

Defendant.

INFORMATION

08 Cr. ____ (DAB)

(Title 18, United States Code,
Sections 371, 1956(h), 1343, 1957, & 2)

MICHAEL J. GARCIA
United States Attorney.

8/4/08 Filed Information & Waiver of Indictment. Deft Pres w/atty Benjamin Greenwald & AUSA Seetha Ramachandran. Deft pleads not guilty. T/E until 8/25/08

s/Mag. Judge Katz